IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2009 AUG 11 PM 12:04

OFFICE OF THE CLERK

| | |
|---|---|
| PRINTING SPECIALTIES AND PAPER PRODUCTS, et al., | CASE NO: 4:08cv3225 |
| Plaintiffs, | |
| vs. | ORDER ON PRETRIAL CONFERENCE |
| GOLDENROD PRINTING, INC., | |
| Defendant. | |

The final pretrial conference was held on the 11th day of August, 2009. Appearing for the parties as counsel were:

Jane Williams
753 State Avenue, #475
Kansas City, KS 66101
Telephone: 913/321-8884
*Attorney for the Plaintiffs*

Vincent M. Powers
411 S. 13th Street, #300
Lincoln, NE 68508
Telephone: 402/474-8000
*Attorney for the Defendant*

**(A)** **Exhibits.** See attached Exhibit Lists.

**(B)** **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for the purposes of this case only:

Plaintiff Printing Specialties and Paper Products Health and Welfare Fund (hereinafter "the Fund" is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Fund maintains its principal place of administration at Beech Street, Inc., 2 Ada Suite 200, Irvine, CA 92718. The Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA, 29 U.S.C. § 186(c)(5).

Plaintiff Trustees of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund (hereinafter "Trustees") are fiduciaries of the Fund within the meaning 29 U.S.C. § 1002(21), and as such, are proper parties to this action.

Defendant Goldenrod Printing, Inc. (hereinafter "Goldenrod") is a corporation organized under and existing by virtue of the laws of the State of Nebraska. Goldenrod is an employer within the meaning of 29 U.S.C. § 1002(5).

This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

Whereas the Defendant corporation is incorporated under the laws of the State of Nebraska and has its principal place of business in the District of Nebraska, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

Goldenrod is a party to collective bargaining agreement with the District Council No. 2, Local 543M Affiliated with the International Brotherhood of Teamsters, AFL-CIO (hereinafter "Teamsters Local 2"). Prior to the current collective bargaining agreement, Goldenrod was party to a collective bargaining agreement with Graphic Communications Union Local 543M Subordinate to the Graphic Communications International Union (hereinafter "GCIU"). Said collective bargaining agreement(s) has or have been in effect at all times material to this action.

The Fund is established and operated pursuant to a written agreement and/or declaration of trust. The agreement and/or declaration of trust are incorporated by reference into and are a material part of the collective bargaining agreement(s) between Goldenrod and the Teamsters Local 2 and between Goldenrod and GCIU.

**(C)** **Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

**Plaintiffs' claims:**

1.  The Defendant has employed employees who have performed covered work under the collective bargaining agreement.

2.  Goldenrod is obligated under the collective bargaining agreement to timely submit reports and fringe benefit contributions to the Fund.

3.  The collective bargaining agreement, by and through the declaration of trust, Article IX, Section 2, requires that contributions due to the Fund be paid at the end of the month in which the work was performed. Payments not postmarked by the fifteenth day of the following month are delinquent.

4.  Goldenrod failed to report the hours of covered work performed by certain of its employees between June 30, 2003 and September 30, 2006 and failed to pay such contributions, in a timely manner, that were due and owing to the Fund. As a result, the Defendant is in breach of the collective bargaining agreement and is liable to the Fund for delinquent contributions in the amount of $19,112.08 plus liquidated damages of 1.5% of the principal, 3% of the principal late 31-60 days and 1.5% which should accrue for each additional 30 days contributions are late up to a maximum of 18% per annum. Further, if legal action results in a court judgment, the liquidated damages increase to a maximum of 20% per annum.

5.  Under the collective bargaining agreement, Goldenrod is liable to the Fund for interest upon the delinquent contributions and the liquidated damages at the interest rate for tax underpayments adopted by the I.R.S. as of January 1 of the calendar year in which the contributions were delinquent.

6.  Attorney fees incurred herein and costs are an element of damage.

**Defendant's claims:**

1. Defendant alleges that it has paid all premiums due and does not owe any money to the Plaintiffs.

2. Plaintiffs' representatives did not inform the Defendant when the contract was entered into that the contract required the Defendant to make the payments as set forth in the Complaint with respect to employees who were not union members and who had health insurance through family members and did not wish to participate in the insurance offered by the Plaintiffs. (Estoppel)

4. The contract does not require the payments as set forth in the Complaint.

5. The contract is vague and the ambiguity should be held against the maker, the Plaintiffs.

6. Alternatively, any liquidated damages claimed with the contract violate public policy and law, including the shifting of audit costs and other expenses to the Defendant.

7. Defendant is entitled to attorney fees and costs incurred in defending this claim.

**(D) Witnesses.** All witnesses including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

    Dick Conn
    Ryan Sherard

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined by NECivR 16.2(c) only, are:

    Ray Kohl
    Rick Hoppe

It is understood that, except upon a showing of good cause, not witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness whose only testimony is intended to establish foundation for an exhibit for which foundation has not been waived shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

(E) **Expert Witnesses' Qualifications.** Experts to be called by plaintiff and their qualifications are:

None.

Experts to be called by defendant and their qualifications are:

None.

(F) ~~Voir Dire. Counsel have reviewed~~ Federal Rule of Civil Procedure 47(a) and ~~NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination:~~

~~30 minutes per side~~

*Judge Kopf strikes the jury demand of defendant without objection by the plaintiff. RGK*

(G) ~~Number of Jurors. Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and D~~efendant ~~s~~uggests that this matter be tried to a jury composed of 8 ~~members.~~ RGK

(H) **Verdict.** ~~The parties will not stipulate to a less-than-unanimous verdict.~~ RGK

(I) **Briefs, Instructions, and Proposed Findings.** Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable:

(1) Initial Brief for both parties due 9/14/09

(2) Reply briefs from both parties due 9/21/09.

(J) **Length of Trial.** Counsel estimate the length of trial will consume not less than 2 hours, not more than 4 hours.

(K) **Trial Date.** Trial is set for _10:00 Am on 9/28/09 for 2 hours_

*Jane Williams*
753 State Avenue, #475
Kansas City, KS 66101
Telephone: 913/321-8884
*Attorney for the Plaintiffs*

_____
Vincent M. Powers
411 S. 13th Street, #300
Lincoln, NE 68508
Telephone: 402/474-8000
*Attorney for the Defendant*

BY THE COURT:

_____
The Honorable Richard G. Kopf

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| PRINTING SPECIALITIES AND PAPER PRODUCTS, et al., | ) ) ) | CASE NO: 4:08cv3225 |
|---|---|---|
| Plaintiffs, | ) ) ) | **LIST OF EXHIBITS** |
| vs. | ) ) | Courtroom Deputy: |
| GOLDENROD PRINTING, INC., | ) ) | Court Reporter: |
| Defendant. | ) | |

Trial Date:

EXHIBIT NO.

| PLF | DF | 3 PTY | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|---|
| | 20 | | Payroll records for Goldenrod Employees which set forth the identity of each employee during the relevant time periods | | | | | |
| | 21 | | Summary records setting forth the identity of employees participating in the insurance plan of the Plaintiff | | | | | |
| | 22 | | Summary records showing employees who did not participate in the insurance plan of the Plaintiff | | | | | |
| | 23 | | Summary of the employees who were union members during the relevant time period | | | | | |
| | 24 | | Summary setting forth employees who were not union members during the relevant time period | | | | | |

GOLDENROD PRINTING, INC.,
Defendant

| | |
|---|---|
| 08/07/09 | s/Vincent M. Powers |
| Date | Vincent M. Powers, #15866 |
| | Vincent M. Powers and Associates |
| | 411 S.13th Street, #300 |
| | Lincoln, NE 68508 |
| | 402/474-8000 |

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Jane Williams

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

| | |
|---|---|
| 08/07/09 | s/Vincent M. Powers |
| Date | Vincent M. Powers, #15866 |

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEBRASKA

| | |
|---|---|
| PRINTING SPECIALTIES & PAPER PRODUCTS JOINT EMPLOYER AND UNION HEALTH AND WELFARE FUND; ET AL. )<br><br>Plaintiff(s), )<br><br>v. )<br><br>GOLDENROD PRINTING, INC., )<br><br>Defendant ) | LIST OF EXHIBITS<br><br>Case Number: 4:08cv3225<br>Courtroom Deputy:<br>Court Reporter |

Trial Date

| EXHIBIT NO. | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| PLF | DF | 3 PTY | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
| 1 | | | Labor Agreement between Goldenrod Printing Company Lincoln, Nebraska and District Council No. 2 Local 543M Affiliated with International Brotherhood of Teamsters dated February 1, 2006 – January 31, 2009. | | | | | |
| 2 | | | Agreement between the Graphic Communications Union Local 543-M Subordinate To The Graphic Communications International Union and Goldenrod Printing Company Lincoln, Nebraska dated February 2003 to January 31, 2006. | | | | | |
| 3 | | | Printing Specialties' and Paper Products Joint Employer and Union Health and Welfare Fund Trust Agreement as Revised and Restated September 1, 2985 and further amended November 5, 1987. | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 4 | | | Amendment No. 1 to the Agreement and Declaration of Trust of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund. | | | | | |
| 5 | | | Amendment No. 2 to the Agreement and Declaration of Trust of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund (as revised and restated September 1, 2985 and further amended November 5, 1987). | | | | | |
| 6 | | | Amendment No. 3 to the Agreement and Declaration of Trust of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund (as revised and restated September 1, 2985 and further amended November 5, 1987). | | | | | |
| 7 | | | Amendment No. 4 to the Agreement and Declaration of Trust of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund (as revised and restated September 1, 2985 and further amended November 5, 1987). | | | | | |
| 8 | | | Amendment No. 5 to the Agreement and Declaration of Trust of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund (as revised and restated September 1, 2985 and further amended November 5, 1987). | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9 | | | Amendment No. 6 to the Agreement and Declaration of Trust of the Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund (as revised and restated September 1, 2985 and further amended November 5, 1987). | | | | | |
| 10 | | | Printing Specialties and Paper Products Joint Employer and Union Health and Welfare Fund Employer Compliance Report for Goldenrod Printing, Inc. Lincoln, Nebraska for the time period June 1, 2003 through September 30, 2006. | | | | | |
| 11 | | | February 22, 2008 letter from Thomas J. Brady to Ray Kohl. | | | | | |
| 12 | | | February 9, 2008 letter from Ray Kohl to Thomas J. Brady. | | | | | |
| 13 | | | December 11, 2007 letter from Thomas J. Brady to Karen Gooding. | | | | | |
| 14 | | | July 6, 2007 letter from Karen Gooding to Board of Trustees of Printing Specialties and Paper Health and Welfare Fund. | | | | | |
| 15 | | | June 29, 2007 letter from Robert A. Kromm to Goldenrod Printing, Inc. | | | | | |
| 16 | | | April 9, 2007 letter from Karen Gooding to Board of Trustees of Printing Specialties and Paper Health and Welfare Fund. | | | | | |

**OBJECTIONS**
R: Relevancy
H: Hearsay
A: Authenticity
O: Other (specify)

Respectfully submitted,

/s/ Jane L. Williams
Jane L. Williams
Missouri Bar No. 53291
Kansas Bar No. 20635
BLAKE & UHLIG, P.A.
753 State Avenue, Suite 475
Kansas City, KS 66101
913-321-8884 (telephone)
913-321-2396 (facsimile)
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Vincent M. Powers
Vincent M. Powers and Associates
411 S. 13th Street, #300
Lincoln, NE 68508

/s/ Jane L. Williams